ROBERT *v.* TRADERS' INSURANCE COMPANY.   In Ct. of E.
17 Wend. 631.

In S. Ct., 9 Id. 474.   (See S. C. in S. Ct. 9 Wend. 404, as to other points.)

*Assignment of Policy of Insurance to Mortgagee. Subrogation of Mortgagor to rights of Mortgagee under a Judgment on the Policy, where Mortgage has been paid by Foreclosure, &c., the Assured having violated a condition of the Policy.*

THE plaintiff in error, Robert, had procured of the defendants in error, insurance against loss by fire upon buildings owned by him, and had assigned the three policies with the assent of the insurers to secure a mortgage to one *Bolton,* upon the property insured.   A loss having occurred by fire, a suit was brought on the policies by the assignee, in the name of Robert the assured, and judgment obtained against the company.   The assignee, however, instead of enforcing payment of the judgment against the company, coerced payment of the mortgage by a foreclosure in Chancery.   Robert thereupon gave notice to the defendants that the *mortgage* executed by him had been paid by him ; that payment had been coerced by a foreclosure in Chancery, and that he claimed to be the *assignee by operation of law,* of the judgment rendered against the defendants, and would require payment of the same to be made to him.   Upon receiving this notice the defendants in error made application to the Supreme Court at a special term, for *an order staying* all further proceedings *on the judgment.*

The Supreme Court held that the payment of the mortgage by Robert gave him no interest in the judgment, and accordingly made an order staying all further proceedings.

Chief Justice Savage says: " The only ground upon which the recovery in the Superior Court (upon the policy of insurance, 9 Wend. 404) can be sustained is, that Francis Bolton was the *party in interest* in this suit, and not Thomas Robert, the nominal plaintiff. Thomas Robert could not have recovered, having violated one of the conditions of the policies by insuring the same property in the Phenix Insurance Company, without giving notice to the plaintiffs in this suit. (The Traders' Ins. Co.) Whether he knew the effect of such insurance or not is of no moment; it avoided the policies, or rather would have produced that effect, had Robert been the party in interest. Robert, after the assignment of the policies had no interest in the policies nor the monies received. Payment of the mortgage gives him no interest in the judgment: what effect an *assignment* of it would have had, it is unnecessary to decide."

The Chief Justice made an order accordingly staying all further proceedings on the judgment against the defendants in error, on their paying Bolton his taxable costs.

To reverse this order, Robert sued out a writ of error, removing the record and subsequent proceedings into the Court of Errors. When the argument of the cause was called on, the defendants in error objected that the court ought not to entertain the writ of error in this case but should quash it, on the ground that a writ of error will not lie upon a *mere order of a court*, like the present; that a record should have been made up and filed, upon leave, as if an *audita querela* had been sued out by the insurance company, and judgment had been rendered in their favor : and the *Case of Negus*, 10 Wend. 34, was cited. The court took time for advisement, and refused to quash the writ of error, and directed the argument to proceed; after which, the opinion of a majority of the court was delivered by Senator Edwards.

He says : " The judgment was in the name of Robert, and the payment of the mortgage brought back to him the whole interest in the judgment as effectually as it could have been by an assignment, even had that payment been voluntary on the part of Robert; but the payment was not voluntary; he was compelled to advance the money and he had therefore a right to be substituted in the place of Bolton. Nor is he to

be deprived of this benefit on account of having subsequently obtained another policy on the same property, and not having given notice thereof while the policies in question were in the hands of Bolton as assignee." " He was not the owner of the policies when he effected the second policy, and therefore was under no obligation to give notice thereof. The Supreme Court have decided that the omission to give notice was not a good defence; that judgment has been acquiesced in by both parties."

The *order* of the Supreme Court staying proceedings, &c. was thereupon *reversed*, 13 to 6.